1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   MICHAEL GONZALES,                    Case No.  1:19-cv-00459-NONE-SAB (PC)

12              Plaintiff,                 ORDER REQUIRING PLAINTIFF TO
                                           PROVIDE FURTHER INFORMATION
13        v.                               REGARDING DEFENDANTS GONZALES
                                           AND CENA IN ORDER TO EFFECTUATE
14   GONZALES, *et al.*,                   SERVICE OF SUMMONS AND
                                           COMPLAINT
15              Defendants.
                                           (ECF No. 24)
16
                                           **THIRTY (30) DAY DEADLINE**
17

18          Plaintiff Michael Gonzales is a state prisoner proceeding *pro se* and *in forma pauperis* in

19   this civil rights action pursuant to 42 U.S.C. § 1983.

20          On October 30, 2019, the Court found that service of Plaintiff's complaint was appropriate

21   as to Defendants Godinez, Cena, Gonzales, Harry, Villegas, Serato (or Serrato), Gonzalez,

22   Shoemaker, Perez, Willis, Arron, Torres, and Harmon for providing Plaintiff with food tainted

23   with involuntary antipsychotic medication without a <u>Keyhea</u> order in violation of the Due Process

24   Clause of the Fourteenth Amendment.  (ECF No. 13.)

25          On January 2, 2020, pursuant to the E-Service pilot program for civil rights cases in the

26   Eastern District of California, the California Department of Corrections and Rehabilitation

27   returned a notice of intent to not waive personal service on Defendants Cena and Gonzales

28   because there was not enough information provided and no such employee could be found.

                                           1

1    Therefore, service was forwarded to the United States Marshals Service.

2           On February 18, 2020, the United States Marshal returned the USM-285 forms for

3    Defendants Cena and Gonzales as unexecuted with a notation that, per the litigation coordinator

4    at Kern Valley State Prison, Defendants Cena and Gonzales cannot be identified without more

5    information.  (ECF No. 24.)

6           Rule 4(m) of the Federal Rules of Civil Procedure provides:

7

8           If a defendant is not served within 90 days after the complaint is filed, the court -
            on motion or on its own after notice to the plaintiff - must dismiss the action

9           without prejudice against that defendant or order that service be made within a
            specified time.  But if the plaintiff shows good cause for the failure, the court must

10          extend the time for service for an appropriate period.

11

12          In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the

13   Court, shall serve the summons and the complaint.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

14   "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S.

15   Marshal for service of the summons and complaint and [he] should not be penalized by having his

16   action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed

17   to perform his duties."  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal

18   quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472

19   (1995).  "So long as the prisoner has furnished the information necessary to identify the

20   defendant, the marshal's failure to effect service is automatically good cause. . . ." Id. (internal

21   quotations and citation omitted).  However, where a *pro se* plaintiff fails to provide the Marshal

22   with accurate and sufficient information to effect service of the summons and complaint, the

23   Court's *sua sponte* dismissal of the unserved defendants is appropriate.  Id. at 1421-22.

24          At this time, the United States Marshal cannot serve Defendants Cena and Gonzales

25   without further identifying information.  Therefore, the Court finds that is appropriate to require

26   Plaintiff to provide the Court with further information sufficient to identify Defendants Cena and

27   Gonzales for service of process.  Accordingly, it is HEREBY ORDERED that, within **thirty (30)**

28   **days** from the date of service of this order, Plaintiff shall file a written response providing the

                                                    2

Court with further information regarding Defendants Cena's and Gonzales's identities so that the U.S. Marshal can effect service of the summons and complaint on Defendants Cena and Gonzales. Plaintiff's failure to respond to this order will result in a recommendation to a District Judge to dismiss Defendants Cena and Gonzales from this action.

IT IS SO ORDERED.

Dated: **March 3, 2020**

UNITED STATES MAGISTRATE JUDGE