| | |
|---|---|
| MICHAEL GONZALES,<br><br>                Plaintiff,<br><br>v.<br><br>GONZALES, et al.,<br><br>                Defendants. | Case No. 1:19-cv-00459-NONE-SAB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANTS GONZALES AND CENA FOR FAILURE TO EFFECTUATE SERVICE OF PROCESS**<br><br>(ECF No. 28) |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Michael Gonzales is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 30, 2019, the Court found that service of Plaintiff's complaint was appropriate as to Defendants Godinez, Cena, Gonzales, Harry, Villegas, Serato (or Serrato), Gonzalez, Shoemaker, Perez, Willis, Arron, Torres, and Harmon for providing Plaintiff with food tainted with involuntary antipsychotic medication without a <u>Keyhea</u> order in violation of the Due Process Clause of the Fourteenth Amendment. (ECF No. 13.)

On January 2, 2020, pursuant to the E-Service pilot program for civil rights cases in the Eastern District of California, the California Department of Corrections and Rehabilitation returned a notice of intent to not waive personal service on Defendants Cena and Gonzales because there was not enough information provided and no such employee could be found. Therefore, service was forwarded to the United States Marshals Service.

1 | On February 18, 2020, the United States Marshal returned the USM-285 forms for Defendants Cena and Gonzales as unexecuted with a notation that, per the litigation coordinator at Kern Valley State Prison, Defendants Cena and Gonzales cannot be identified without more information. (ECF No. 24.)

On March 3, 2020, the Court issued an order directing Plaintiff to provide further information to identify and serve Defendants Cena and Gonzales. (ECF No. 28.) Plaintiff has failed to respond to the Court's March 3, 2020 order and the time to do so has expired.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Id. (internal quotations and citation omitted). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Id. at 1421-22.

Here, the United States Marshal could not serve Defendants Cena and Gonzales without further identifying information, and Plaintiff failed to respond to the order to provide further information to assist the Marshal.

Accordingly, it is HEREBY RECOMMENDED that Defendants Cena and Gonzales be dismissed from the action, without prejudice, pursuant to Rule 4 of the Federal Rules of Civil Procedure.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Therefore, the Court finds that is appropriate to require Plaintiff to provide the Court with further information sufficient to identify Defendants Cena and Gonzales for service of process. Accordingly, it is HEREBY ORDERED that, within **thirty (30) days** from the date of service of this order, Plaintiff shall file a written response providing the Court with further information regarding Defendants Cena's and Gonzales's identities so that the U.S. Marshal can effect service of the summons and complaint on Defendants Cena and Gonzales. Plaintiff's failure to respond to this order will result in a recommendation to a District Judge to dismiss Defendants Cena and Gonzales from this action.

IT IS SO ORDERED.

Dated:   **April 13, 2020**

UNITED STATES MAGISTRATE JUDGE