UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>   Plaintiff,<br><br>  v.<br><br>GONZALES, et.al.,<br><br>   Defendants. | Case No.: 1:19-cv-00459-NONE-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 40] |

Plaintiff Michael Gonzales is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' exhaustion-related motion for summary judgment, filed on June 3, 2020.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's complaint, filed on April 9, 2019, (ECF No. 1), against Defendants Godinez, Harry, Villegas, Serato (or Serrato), Gonzalez, Shoemaker, Perez, Willis, Arron, Torres, and Harmon for providing Plaintiff with food tainted with involuntary antipsychotic medication without a Keyhea order in violation of the Due Process Clause of the Fourteenth Amendment.

On March 2, 2020, Defendants filed an answer to the complaint. (ECF Nos. 25, 26.)

On March 3, 2020, the Court issued the discovery and scheduling order. (ECF No. 29.)

As previously stated, on June 3, 2020, Defendants filed the instant exhaustion-related motion for summary judgment. Plaintiff did not file an opposition and the time to do so has expired. Local Rule 230(l). On July 22, 2020, Defendants filed a declaration in lieu of a reply. (ECF No. 47.) On August 6, 2020, Plaintiff filed an untimely opposition. (ECF No. 48.) Defendants filed a reply on August 11, 2020. (ECF No. 49.)

## II.

## LEGAL STANDARD

### A.   Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory unless unavailable. Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Section 1997e(a) also requires "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" Woodford v. Ngo, 548 U.S. 81, 90 (2006) (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effective without imposing some orderly structure on the course of its proceedings." Id. at 90-91. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the

grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

The failure to exhaust is an affirmative defense, and the defendant or defendants bear the burden of raising and proving the absence of exhaustion. Id. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendant or defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. Id.

### B.  Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at c1166; Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010). "The evidence must be viewed in the light most favorable to the nonmoving party." Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2014).

Initially, "the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. If the defendant meets that burden, the burden of production then shifts to the plaintiff to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. However, the

-3-

ultimate burden of proof on the issue of administrative exhaustion remains with the defendant. Id. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

## III.

## DISCUSSION

### A. Summary of CDCR's Administrative Appeal Process

A prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") satisfies the administrative exhaustion requirement for a non-medical appeal or grievance by following the procedures set forth in California Code of Regulations, title 15, §§ 3084-3084.9.

California Code of Regulations, title 15, § 3084.1(a) provides that "[a]ny inmate … under [CDCR's] jurisdiction may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate … can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." An inmate is required to use a CDCR Form 602 to "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a). An inmate is limited to one issue, or related set of issues, per each CDCR Form 602 and the inmate "shall state all facts known and available to [them] regarding the issue being appealed at the time of submitting" the CDCR Form 602. Cal. Code Regs. tit. 15, § 3084.2(a)(1) & (a)(4). Further, the inmate "shall list all staff member(s) involved and … describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(a)(3). If known, the inmate must include the staff member's last name, first initial, title or position, and the dates of the staff member's involvement in the issue being appealed. Id. If the inmate does not know the staff member's identifying information, the inmate is required to "provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." Id.

Unless the inmate grievance falls within one of the exceptions stated in California Code of Regulations, title 15, §§ 3084.7(b)(1)-(2) and 3084.9, all inmate grievances are subject to a three-step administrative review process: (1) the first level of review; (2) the second level appeal to the Warden

1  of the prison or their designee; and (3) the third level appeal to the Secretary of CDCR, which is
2  conducted by the Secretary's designated representative under the supervision of the third level
3  Appeals Chief.  Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(a)-(d).  Unless the inmate grievance
4  deals with allegations of sexual violence or staff sexual misconduct, an inmate must submit the CDCR
5  Form 602 and all supporting documentation to each the three levels of review within 30 calendar days
6  of the occurrence of the event or decision being appealed, of the inmate first discovering the action or
7  decision being appealed, or of the inmate receiving an unsatisfactory departmental response to a
8  submitted administrative appeal.  Cal. Code Regs. tit. 15, §§ 3084.2(b)-(e), 3084.3, 3084.6(a)(2),
9  3084.8(b).  When an inmate submits an administrative appeal at any of the three levels of review, the
10 reviewer is required to reject the appeal, cancel the appeal, or issue a decision on the merits of the
11 appeal within the applicable time limits.  Cal. Code Regs. tit. 15, §§ 3084.6(a)-(c), 3084.8(c)-(e).  If an
12 inmate's administrative appeal is rejected, the inmate is to be provided clear instructions about how to
13 cure the appeal's defects.  Cal. Code Regs. tit. 15, §§ 3084.5(b)(3), 3084.6(a)(1).  If an inmate's
14 administrative appeal is cancelled, the inmate can separately appeal the cancellation decision.  Cal.
15 Code Regs. tit. 15, § 3084.6(a)(3) & (e).

### B.    Summary of Relevant Factual Allegations of Plaintiff's Complaint

Plaintiff alleges that, since about May 2018, "Officers D. Godinez, Cena, Gonzales, T. Harry et al." have been illegally medicating his meals with antipsychotic medication to cause Plaintiff pain and suffering.  (Id. at 3.)  Plaintiff states that correctional staff get the antipsychotic medication from nurses and prisoners to place in Plaintiff's meals.  After meals, Plaintiff develops symptoms such as burning of the lining of his throat, tongue irritation, extreme nausea, headache, blurry vision, involuntary muscle spasms, grimacing, loss of memory, dry mouth, chest pain, excessive sleep, acidic saliva, irregular heartbeat, extreme agitation, and anger.  These symptoms have caused Plaintiff to be moved from D Facility to C Facility when a Correctional Lieutenant transferred Plaintiff in order to prevent disputes.

Plaintiff states that it would fill too many pages to list all of the dates that officers have medicated his food.  However, the following is a list of certain dates when officers in the Kern Valley State Prison C-1 Facility intentionally served Plaintiff with a tray of food tainted with antipsychotic

drugs and told Plaintiff they were doing so in order to aggravate the "retaliatory" situation: (1) F. Serrato medicated Plaintiff's meals on 2-12-19, 2-13-19, 2-15-19, 2-20-19, 4-3-19, and 4-4-19; (2) Gonzalez medicated Plaintiff's meals on 9-3-18, 10-22-18, 10-23-18, 10-29-18, 1-20-19, 2-17-19, and 4-4-19; (3) Godinez medicated Plaintiff's meals on 7-28-18, 1-17-19, and 1-18-19; (4) T. Harry medicated Plaintiff's meals on 6-22-18, 7-27-18, 9-21-18, 10-27-18, 11-2-18, 11-17-18, 11-18-18, 12-20-18, and 12-26-18; (5) Shoemaker medicated Plaintiff's meals on 1-21-19, 2-24-19, and 4-2-19; (6) Perez medicated Plaintiff's meals on 2-22-19, 2-24-19, 3-2-19, 3-23-19, and 3-24-19; (7) Willis medicated Plaintiff's meals on 2-19-19, 3-4-19, 3-17-19, 3-18-19, and 3-31-19; (8) Arron medicated Plaintiff's meals on 3-4-19, 3-29-19, and 3-31-19; (9) Torres medicated Plaintiff's meals on 3-5-19, 3-10-19, 3-24-19, and 3-30-19; (10) Harmon medicated Plaintiff's meals on 2-13-19, 3-8-19, 3-20-19, and 3-25-19; and (11) Villegas medicated Plaintiff's meals on 12-24-18, 12-31-18, 1-5-19, 1-8-19, 1-11-19, 1-14-19, and 1-15-19.  (Id. at 11.)  Plaintiff states that these officers continued to medicate him to the present day with Thorazine medication.

"Officers Harry, Gonzales, and Villegas and others all know anti[p]sychotics leave you in a[n] extr[e]mely agitated state[,] leaving you in a state of rage due to their intimidations that are basically a scheme knowing anti[p]sychotics alter the thought process leaving you agitated and angry and subseptable (*sic*) to the set up from their schemes of time intended to len[g]then your prison term or isolate you in the security housing units."  (Id. at 10-11.)  Plaintiff also states that "The Defendants: Gonzales, Villegas, and Harry" intentionally use the drugs to attempt to get an inmate, such as Plaintiff, to catch District Attorney referrals.  (Id. at 10.)  Plaintiff additionally asserts that the Defendants' acts single out Plaintiff for group torture as other prisoners aid, abet, and cooperate in torturing Plaintiff.  Plaintiff alleges that the food medicating causes harmful situations for Plaintiff because the inmates that aid, abet, and cooperate with Defendants become enemies.  Plaintiff pleads that the correctional officers in the C-1 unit are aware of this and encourage the situation for violence between inmates.

Plaintiff asserts that the antipsychotic medications pose a threat to his safety because he suffers from tardive dyskinesia and akinesia.  Therefore, exposure to antipsychotic medication can cause him to suffer side effects, which could include a heart attack or permanent paralysis.  Plaintiff states that he

has told the Defendants that he was taken off of forced antipsychotic medications in 1997 because he had developed tardive dyskinesia and akinesia, but they continue to medicate his meals through the date the complaint was filed.

Plaintiff alleges that officers are "ignoring due process in institution policy and procedures, including injunction hearings for force medication[.]" (Id. at 4.) Finally, Plaintiff states that officers are denying due process "in investigation on the food medicating by not giving blood tests to prove the drugs in my system by food medicating, specifically denying investigatory due process in DOM 202 and DOM 31140.1 through 31140.9 in investigating citizens complaints." (Id.)

Plaintiff alleges that, due to the actions or inactions of the Defendants, he is suffering from threat of death due to the tardive dyskinesia, akinesia, and various physical and mental side effects. Plaintiff seeks monetary damages, injunctive relief, "a free due process blood test," and an immediate hearing on blood testing by "CDC." (Id. at 6.)

### C. Undisputed Material Facts (UMF)[1]

1. Plaintiff Michael Gonzales (CDCR No. D-81011) is an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). (Compl. at 1; ECF No. 1 at 1; Declaration of C. Gonzales [Gonzales Decl.] ¶ 3; Declaration of H. Moseley [Moseley Decl.] ¶ 7.)

2. Plaintiff filed this action on April 9, 2019, regarding alleged incidents at Kern Valley State Prison (KVSP).

3. The administrative appeals process at KVSP remained available to Plaintiff and

---

[1] Plaintiff neither admitted or denied the facts set forth by defendant as undisputed nor filed a separate statement of disputed facts. Local Rule 56-260(b). Therefore, the Court was left to compile the summary of undisputed facts from Defendants' statement of undisputed facts and Plaintiff's verified complaint. A verified complaint in a pro se civil rights action may constitute an opposing affidavit for purposes of the summary judgment rule, where the complaint is based on an inmate's personal knowledge of admissible evidence, and not merely on the inmate's belief. McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curium); Lew v. Kona Hospital, 754 F.2d 1420, 1423 (9th Cir. 1985); F.R.C.P. 56(e). Because Plaintiff neither submitted his own statement of disputed facts nor addressed Defendants' statement of undisputed facts, the Court accepts Defendants' version of the undisputed facts where Plaintiff's verified complaint is not contradictory. The Court notes for the record that plaintiff was provided with the requirements for opposing a motion for summary judgment by Defendants in a notice filed on June 3, 2020. (ECF No. 40.) Therefore, the requirements of Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988) have been satisfied. In addition, the Court has omitted the facts which constitute legal statements of the law and/or prison regulations.

Plaintiff knew about and used the administrative grievance process between May 2018 and April 2019. (Compl. at 3-5, 8; Gonzales Decl. ¶ 11 & Ex. A; Moseley Decl. ¶ 7 & Ex. A, ¶ 9 & Ex. B, ¶ 10 & Ex. C, ¶ 11 & Ex. D.)

4. Between May 2018 and April 2019, Plaintiff submitted three non-medical appeals to KVSP's appeals office that were accepted for review. (Gonzales Decl. ¶ 11 & Ex. A, ¶¶ 16-16 & Ex. B, ¶ 20 & Ex. D, ¶ 23 & Ex. G, ¶ 25 & Ex. H.)

5. Between May 2018 and April 2019, Plaintiff also submitted multiple appeals that were screened out, rejected or cancelled for Plaintiff's failure to properly submit them. Each time an appeal was rejected, Plaintiff was instructed how to correct the issue. (Gonzales Decl. ¶ 11 & Ex. A, ¶ 19 & Ex. C, ¶ 21 & Ex. E, ¶ 22 & Ex. F, ¶ 6 & Ex. I.)

6. Plaintiff alleges that the appeal which exhausts his claims in this matter is KVSP-O-15-01384. (Compl. at 3-5, 8.)

7. There is no record of an appeal by Plaintiff numbered KVSP-O-15-01384. (Gonzales Decl. ¶ 11 & Ex. A, ¶ 15.)

8. There is an Appeal Log No. KVSP-O-18-01384 which addresses some of the allegations in Plaintiff's complaint. (Gonzales Decl. ¶¶ 16-18 & Ex. B.)

9. Appeal Log No. KVSP-O-18-01384, dated May 28, 2018, bypassed the first level of review and was accepted at the second level of review on May 21, 2018. In the appeal, Plaintiff alleges that officers J. Gonzales, Guerra, and Villegas, along with unnamed other second and third watch officers in his housing unit, have been drugging his food for the past few weeks. (Gonzales Decl. ¶ 15 & Ex. B.)

10. On June 4, 2018, Appeals Coordinator C. Gonzales informed Plaintiff that Appeal Log. No. KVSP-O-18-01384 was accepted as a staff complaint. Any other non-staff complaint issues would not be addressed in the appeal and Plaintiff would need to file a separate appeal on those issues. (Gonzales Decl. ¶ 15 & Ex. B.)

11. Correctional lieutenant R. Gallardo interviewed Plaintiff regarding his allegations on June 12, 2018. During the interview, Plaintiff was unable to provide any specific information about how the officers were drugging his food, just saying he has "a feeling about it." Plaintiff provided that

-8-

he never observed any officers tampering with his food, but stated "everyone" is involved. When asked to elaborate on "everyone," Plaintiff stated, "I don't want to get everyone involved. I just don't know." Plaintiff stated that he continues to eat the state food daily and has not been getting sick. Plaintiff was unable to provide any corroborating information. (Gonzales Decl. ¶ 17 & Ex. B.)

12. Lieutenant Gallardo also interviewed officers J. Gonzales, I. Villegas, C. Wincewicz, and T. Harry regarding Plaintiff's allegations. (Gonzales Decl. ¶ 17 & Ex. B.)

13. Lieutenant Gallardo determined that Plaintiff's allegations lacked any evidence and were unsubstantiated. Accordingly, Appeal Log No. KVSP-O-18-01384 was partially granted, in that an appeal inquiry was conducted, at the second level of formal review. The appeal was denied insofar as staff did not violate policy. Plaintiff was further informed that this appeal could not exhaust administrative remedies on any other issues or against any other staff members not identified in the appeal. Plaintiff was informed that if he was unable to name any involved staff members, he could request assistance establishing their identity. (Gonzales Decl. ¶ 18 & Ex. B.)

14. Plaintiff then submitted Appeal Log No. KVSP-O-18-01384 to the third level of review, stating that he was still being medicated. The appeal was received on July 23, 2018, and subsequently denied on November 2, 2018. OOA specifically informed Plaintiff that he added new issues and requests to the appeal and the newly added items will not be addressed. (Moseley Decl. ¶ 9 & Ex. B.)

15. The KVSP appeals office received and subsequently cancelled Appeal Log No. KVSP-O-18-00892 on April 13, 2018. In the appeal, Plaintiff alleged that officers Maraquin, Martinez, and other 2nd and 3rd watch staff have been medicating his food because they know he is starting Hep C medications and the combination can be fatal. (Gonzales Decl. ¶ 19 & Ex. C.)

16. The KVSP appeals office cancelled Appeal Log No. KVSP-O-18-00892 because it duplicated another appeal, which was pending a decision, under California Code of Regulations, Title 15, (CCR) Section 30884.6(c)(2). Plaintiff was warned not to submit duplicate appeals or more than one non-emergency appeal in a fourteen-day time period. (Gonzales Decl. ¶ 19 & Ex. C.)

17. Plaintiff did not exhaust Appeal Log No. KVSP-O-18-00892 nor did Plaintiff appeal the cancellation. (Gonzales Decl. ¶ 19 & Ex. C.)

18. Appeal Log No. KVSP-O-18-03123 was received and subsequently rejected by the appeals coordinator on October 16, 2018. In the appeal, Plaintiff alleged officers used unnecessary force and acted unprofessionally. This appeal is not relevant to the allegations in Plaintiff's complaint. Plaintiff then appealed to the third level of formal review where his appeal was accepted for review and subsequently denied on August 28, 2018. (Gonzales Decl. ¶ 15 & Ex. H; Moseley Decl. ¶ 10 & Ex. C.)

19. Appeal Log No. KVSP-O-18-03123 was received and subsequently rejected by the appeals coordinator on October 16, 2018. In the appeal, Plaintiff alleged that officers Harry, Guerra, and other control booth officers had been flushing his toilet from the control booth for the last two weeks in retaliation for Plaintiff exercising his civil rights. In the rejection letter, the appeals coordinator informed Plaintiff that the appeal was not submitted on departmentally approved forms. CCR 2083.6(b)(14). Plaintiff was instructed which forms to use and also informed to provide specific details regarding the retaliation, such as dates. Plaintiff took no further action regarding this appeal and did not exhaust it. (Gonzales Decl. ¶ 26 & Ex. I.)

20. Appeal Log No. KVSP-O-19-00293 was received on January 24, 2019, where it bypassed the first level of formal review. In the appeal, Plaintiff alleged that Defendant Godinez requested inmates assault Plaintiff on Facility C, attempted to get other inmates to fight Plaintiff, and allowed inmates to poison his food. (Gonzales Decl. ¶ 20 & Ex. D.)

21. Lieutenant Moore interviewed Plaintiff on January 29, 2019, regarding the allegations in Appeal Log No. KVSP-O-19-00293. Lieutenant Moore also interviewed Defendant Godinez, Defendant Harry, officer Wincewicz, inmate Smallwood K24663, and inmate Higuera V45586. (Gonzales Decl. ¶ 20 & Ex. D.)

22. Appeal Log No. KVSP-O-19-00293 was partially granted at the second level of formal review on February 8, 2019, in that an appeal inquiry was conducted. Staff did not violate policy. (Gonzales Decl. ¶ 20 & Ex. D.)

23. Plaintiff sent Appeal Log No. KVSP-O-19-00293 to the third level of formal review where his appeal was received on April 11, 2019, and cancelled due to Plaintiff's failure to timely submit the appeal to the third level of formal review. OOA informed Plaintiff in the cancellation letter

1   dated May 24, 2019, that he could not resubmit the appeal, but, if he disagreed with the cancellation,
2   he could file a separate appeal regarding the cancellation. Plaintiff took no further action, despite
3   further remedies remaining available to him. Accordingly, Plaintiff failed to exhaust this appeal.
4   (Moseley Decl. ¶ 11 & Ex. D.)

5   24.    Appeal Log No. KVSP-O-19-01284 was received on April 3, 2019. In the appeal,
6   Plaintiff vaguely alleged that officers Gonzalez, Serrato, and Harmon were medicating his food. Once
7   moved to another block, officer Parker also began medicating his food. The appeals coordinator
8   rejected the appeal on April 4, 2019, under California Code of Regulations, Title 15, section
9   2084.6(b)(6), providing that Plaintiff's allegations lack factual evidence and specific detail. The
10  appeals coordinator asked Plaintiff to provide specific dates, times, locations, and identify the parties
11  involved. Plaintiff took no further action regarding this appeal. Accordingly, Plaintiff failed to
12  exhaust the appeal. (Gonzales Decl. ¶ 21 & Ex. E.)

13  25.    Appeal Log No. KVSP-O-19-01421 was received on April 10, 2019. In the appeal,
14  Plaintiff alleged officers Gonzales, Torres, Willis, Arron, Serrato, and Harmon allowed the porters to
15  serve him medicated meals between February 1, 2019 and April 7, 2019, causing fights between
16  Plaintiff, the porters, and prison gangs. (Gonzales Decl. ¶ 22 & Ex. F.)

17  26.    Appeal Log No. KVSP-O-19-01421 was rejected on April 10, 2019, under CCR
18  3084.6(b)(3), in that Plaintiff exceeded the number of available appeals filed in a 14-day period under
19  CCR 3084.1. The appeals coordinator informed Plaintiff that staff was contacted regarding his
20  concerns and if he has future safety concerns, he is to contact custody staff immediately. (Gonzales
21  Decl. ¶ 22 & Ex. F.)

22  27.    Plaintiff took no further action regarding Appeal Log No. KVSP-O-19-01421 once the
23  14-day period under CCR 3084.1 expired. (Gonzales Decl. ¶ 22 & Ex. F.)

24  28.    Plaintiff did not exhaust Appeal Log No. KVSP-O-19-01421. (Gonzales Decl. ¶ 22 &
25  Ex. F.)

26  29.    Plaintiff submitted Appeal Log No. KVSP-O-19-01643, where it was rejected on April
27  26, 2019, because Plaintiff's allegations were too general. The appeal vaguely concerns staff
28  medicating his food. Plaintiff was instructed how to correct the issue. Instead of complying with the

appeals coordinator's instructions, Plaintiff submitted a new appeal. The appeals coordinator rejected the new appeal on May 2, 2019, again informing Plaintiff how to properly submit the appeal. Plaintiff resubmitted the appeal, but it was again rejected because Plaintiff attached additional handwritten pages in error. Plaintiff was instructed how to cure the problem, and resubmitted the appeal on May 21, 2019. (Gonzales Decl. ¶ 23 & Ex. G.)

30. Plaintiff submitted Appeal Log No. KVSP-O-19-01643 after he filed the present lawsuit. (Gonzales Decl. ¶ 22 & Ex. F.)

31. Plaintiff submitted other unrelated appeals to the appeals office during the relevant time period. (Gonzales Decl. ¶¶ 25-26 & Exs. H-I.)

32. Plaintiff did not file any other appeals between May 2018 and April 2019 related to any of the allegations in his complaint. (Gonzales Decl. ¶ 24.)

**D.    Analysis of Defendants' Motion**

Defendants argue that the undisputed facts demonstrate that Plaintiff's claims were not properly exhausted prior to filing suit, as required by the PLRA.

1. Appeal Log No. KVSP-O-18-01384

In his verified complaint and subsequent filings, Plaintiff submits that Appeal Log No. KVSP-O-18-01384 is the appeal that exhausted his claims in the instant action. (Compl. at 8, ECF No. 1; ECF Nos. 42, 43.)[2]

As an initial matter, although the Court found that Plaintiff stated a cognizable claim on Defendant Gonzalez and Defendant Gonzales, the Court finds this to be in error. Upon further review of the operative complaint, the Court finds that Plaintiff has sued only one Defendant by the last name of Gonzalez(s). Indeed, in the caption of the complaint, Plaintiff identifies only one Defendant Gonzales and throughout the complaint Plaintiff makes reference to Defendant Gonzales and only once references Defendant Gonzalez. (See Compl. at 1, 2, 3, 9, 10, 11, ECF No. 1.) In addition, in his

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

objections to the Court's April 13, 2020, Findings and Recommendations to dismiss Defendant Gonzales, Plaintiff makes note with regard to Defendant Gonzales that "as on claim cover his name is spelled Gonzalez and record will show he worked there on 9-3-18, 10-22-18, 10-23-18, 10-29-18, 4-4-19, 2-17-19, 1-20-19." (ECF No. 31 at 1.) Therefore, upon further review of the record, the Court finds that Defendant Gonzalez(s) are one and the same Defendant, and because J. Gonzalez was identified and served based on the information in the complaint, this action proceeds against Defendant J. Gonzalez based on all the allegations in the operative complaint.[3]

It is undisputed that Appeal Log. No. KVSP-O-18-01384 grieved Plaintiff's claims that Defendant Gonzalez and Villegas improperly medicated his food in violation of his Fourteenth Amendment due process rights, for incidents that took place before May 28, 2018, the date Plaintiff signed and submitted this appeal. (UMF 8-14; see also Compl. at 3 [Defendants "Godinez, Cena, Gonzales, Harry et al." have been medicating Plaintiff's meals since May 2018].) Therefore, Plaintiff has exhausted the claim against Defendant Gonzalez for incidents that took place before May 28, 2018. However, this appeal is not sufficient to exhaust Defendant Gonzalez's alleged actions are after May 28, 2018 (i.e., 9/3/18, 10/22/18, 10/23/18, 10/29/18, 1/20/19, 2/17/19, and 4/4/19.) (Compl. at 11.) In addition, this appeal does not exhaust Plaintiff's claims against Defendant Villegas because the allegations in the complaint involve incidents took place after May 28, 2018 (12/24/18, 12/31/18, 1/5/19, 1/8/19, 11/11/19, 1/14/19, and 1/15/19). (Compl. at 11.) Furthermore, this appeal does not exhaust any claims against any other Defendants. Indeed, the second level response specifically states: "You do not exhaust administrative remedies on any unrelated issue not covered in this response **or concerning any staff member not identified by you in this complaint**." (Gonzales Decl. ¶ 18 & Ex. B.) (emphasis added.). Accordingly, this appeal served to exhaust Plaintiff's claim against Defendant Gonzalez on his claim prior to May 28, 2018; however, it does not serve to exhaust any other claims against any other Defendants.

///

---

[3] The Court notes for the record that although Defendant Gonzales was dismissed from the action, it is immaterial as he should have never been ordered served for the reasons discussed above.

-13-

### 2. Rejected/Cancelled Appeals

When an inmate submits an appeal that does not comply with regulations governing the appeal process, an appeals coordinator will reject and return the appeal with the reason for the rejection and provide instructions to correct the defect, if correction is possible. Cal. Code Regs. tit. 15, ¶ 3084.6(b), (c).[4] An appeal may be rejected or cancelled for the reasons outlined in California Code of Regulations, Title 15, sections 3084.6 (b) and (c), including expiration of time limits, allegations that lack factual evidence and specific detail, and exceeding the allowable number of appeals filed in a 14 calendar day period. (Id.) If an appeal is rejected or cancelled, it is not exhausted. Cal. Code Regs. tit. 15, ¶¶ 3084.6(b), (c), 3084.1. Submitting more than one appeal for initial review within a 14 calendar day period is considered excessive, unless the inmate is submitting an emergency appeal. Cal. Code Regs. tit. 15, ¶¶ 3084.4(a)(1)-(2), 3084.4(b). The repeated filing of cancelled appeals is also an abuse of the appeals process. (Id.) Appeals that are deemed a misuse of the appeals process can be rejected and the appeals office may place restrictions on an inmate who abuses the appeals process. (Id.)

It is undisputed that Plaintiff also submitted the following appeals relating to his allegations: KVSP-O-18-00892 (UMF 15-17), KVSP-O-19-00293 (UMF 20-23), KVSP-O-19-01284 (UMF 24), and KVSP-O-19-01421 (UMF 25-28). All of these appeals were properly rejected and/or cancelled because Plaintiff did not comply with the applicable state regulations.

With regard to each rejection and/or cancellation, Plaintiff was advised in writing how to proceed in order to exhaust his appeals:

> Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary to resubmit the appeal within the timeframes. 30 calendar days as specified in CCR 3084.6(a) and CCR 3084.6(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

(Moseley Decl. Ex. C at 10; Gonzales Decl. Ex C at 1; Gonzales Decl. Ex. E at 1; Gonzales Decl, Ex. F at 1.)

---

[4] All Title 15 references refer to the operative version in effect at the time of the incident in 2018 and 2019.

Notwithstanding the directive provided on how to correct rejected Appeal Log Nos. KVSP-O-19-01284 and KVSP-O-19-01421, Plaintiff did not correct any issue and did not pursue the available remedies.  (UMF 24-28.)   With regard cancelled Appeal Log Nos. KVSP-O-18-00892 and KVSP-O-19-00293, Plaintiff was advised that if he believed the cancellation was in error, he could appeal the cancellation.  (UMF 15-17, 20-23.)  However, Plaintiff did not appeal the cancellation decision.  The prison's requirements define the boundaries of proper exhaustion.  Jones v. Bock, 549 U.S. at 218.  A grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue.  Woodford v. Ngo, 548 U.S. at 90.  The undisputed facts show that Plaintiff failed to comply with these requirements, and he has not presented evidence to the contrary.  Accordingly, Plaintiff failed to exhaust Appeal Log Nos. KVSP-O-18-00892 KVSP-O-19-00293, KVSP-O-19-01284, and KVSP-O-19-01421.

        3.        <u>Appeal Log No. KVSP-O-19-01643</u>

In Appeal Log No. KVSP-O-19-01643, Plaintiff made vague reference to staff medicating his food.  However, the appeal was initially rejected on April 26, 2019, because his allegations were too general.  (UMF 29.)  The rejection occurred after Plaintiff filed the instant action on April 2, 2019, and cannot serve to have exhausted any claims in this action.  See McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (exhaustion must be completed before commencing litigation).  Furthermore, Plaintiff never exhausted this appeal.  (UMF 29.)  Accordingly, Appeal Log No. KVSP-O-19-01643 does not exhaust any of Plaintiff's claims.

        4.        <u>Defendants Perez, Harry and Shoemaker</u>

Upon review of all of the relevant appeals filed by Plaintiff, he never named Defendants Perez, Harry or Shoemaker with regard to the claims at issue in this action during the relevant time frame of May 2018 through April 2019.  (UMF 9-32.)  Nothing in Plaintiff's grievances placed the prison on notice of these Defendants alleged wrongdoing.  Indeed, Plaintiff's allegations were often vague and conclusory so it was difficult to decipher who the allegations were against or when they occurred.  Accordingly, because Plaintiff failed to file an appeal naming Defendants Perez, Harry or Shoemaker relative to his claims at issue in this action, he failed to exhaust the claims against them.

///

Defendants have meet their burden of proof in demonstrating that Plaintiff failed to properly exhaust the administrative remedies prior to filing suit. In addition to filing an opposition (albeit untimely), on June 8, 2020, Plaintiff filed two separate notices regarding exhaustion of administrative remedies. (ECF Nos. 43, 44.) In all the filings, Plaintiff argues that Appeal Log No. KVSP-O-18-01384, exhausted his claims at issue in this action. However, for the reasons explained above, this appeal served only to Defendant Gonzalez regarding claims which occurred in May 2018. Further, there is no evidence before the Court that something in this case made the existing administrative remedies effectively unavailable to Plaintiff. The Ninth Circuit has held that there are exceptions to the general PLRA exhaustion requirement where the actions of prison staff render a prisoner's administrative remedies "effectively unavailable." See Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (a Warden's rejection based upon mistaken reliance on a regulation "rendered [the prisoner's] administrative remedies effectively unavailable"); Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010) (prison officials can render "administrative remedies effectively unavailable by improperly screening a prisoner's grievances"); Albino v. Baca, 747 F.3d at 1177 (failure to inform a prisoner of the administrative appeals process following multiple requests for instruction rendered his administrative remedy effectively unavailable); McBride v. Lopez, 807 F.3d 982, 987 (9th Cir. 2015) ("the threat of retaliation for reporting an incident can render the prison grievance process effectively unavailable."); Brown v. Valoff, 422 F.3d at 940 (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available). Specifically, there is no evidence that Plaintiff was unaware of the prison's administrative grievance procedure, or that any prison official erred in the interpretation of any regulation in deciding the administrative appeals. Accordingly, Defendants' motion for summary judgment should be granted as to all claims and Defendants, except the claim against Defendant Gonzalez regarding the allegations in May 2018, and prior to May 28, 2018.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.         Defendants' motion for summary judgment be granted, expect as to the claim against

Defendant Gonzalez regarding the allegations in May 2018, and prior to May 28, 2018; and

2. All unexhausted claims be dismissed, without prejudice, for failure to exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 13, 2020**

UNITED STATES MAGISTRATE JUDGE