1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MICHAEL GONZALES, | ) | Case No.: 1:19-cv-00459-NONE-SAB (PC) |
| Plaintiff, | ) | |
| v. | ) | ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF FROM COURT REPORTER'S PHYSICAL PRESENCE REQUIREMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 28 |
| GONZALES, et.al., | ) | |
| Defendants. | ) | (ECF No. 53) |

Plaintiff Michael Gonzales is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant Gonzalez's motion for relief from the court reporter's physical presence requirement under Federal Rule of Civil Procedure 28, filed January 19, 2021.

This action is proceeding on Plaintiff's claim against Defendant Gonzalez based upon incidents that allegedly took place prior to May 28, 2018.

Defendant submits that he properly noticed Plaintiff's deposition for February 23, 2021.  By way of the instant motion, Defendant seeks relief from the court reporter's physical presence at the February 23, 2021 deposition due to the COVID-19 pandemic.  (ECF No. 53.)

The Federal Rules of Civil Procedure require that the court reporter be located where the deposition is taking place, meaning where the deponent is located.  Fed. R. Civ. P. 28.  However, Rule

30 provides that, "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions.  Fed. R. Civ. P. 30(b)(4).  Because district courts have "wide discretion" to set a deposition's location, the Court has the inherent power to justify an order relieving Defendant of the requirement that the court reporter be physically present with Plaintiff upon a showing of special circumstances.  Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994).

"[D]ue to the COVID-19 pandemic, conducting depositions remotely has become the new normal."  Hernandez v. Bobst Grp. N. Am., Inc., No. 1:19-cv-00882-NONE-SKO, 2020 WL 6063143, at *2 n.1 (E.D. Cal. Oct. 14, 2020) (quoting Grupo Petrotemex, S.A. de C.V. v. Polymetrix A.G., 2020 WL 4218804, at *2 (D. Minn. July 23, 2020).  In light of the pandemic, district courts are finding that parties satisfy Rule 28's requirement for conducting a deposition "before" an officer "so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants."  Grano v. Sodexo Mgmt., Inc., 335 F.R.D. 411, 415 (S.D. Cal. 2020) (quoting Sinceno v. Riverside Church in City of New York, 2020 WL 1302053, at *1 (S.D.N.Y. Mar. 18, 2020); see also SAPS, LLC v EZCare Clinic, Inc., 2020 WL 1923146, at *2 (D.E. La. Apr. 21, 2020) (same)).

Due to the COVID-19 pandemic, Defendant's request is GRANTED, and the court reporter is not required to be in the same physical location as the Plaintiff deponent during his deposition.

IT IS SO ORDERED.

Dated:   **January 19, 2021**

UNITED STATES MAGISTRATE JUDGE